No. 36,819

PEARL A. THOMPSON, Administratrix of the Estate of J. L. Thompson, Deceased, *Appellee,* v. LAWRENCE MATTHEWS *(Appellee),* and J. A. ALLEN, *Appellant.*

(183 P. 2d 216)

CARL ACKARMAN, judge. Opinion filed July 12, 1947.

*Willard J. King,* of Geuda Springs, argued the cause, and *O. C. Zwicker,* of Eureka, was with him on the briefs for the appellant.

*Clay C. Carper,* of Eureka, argued the cause and was on the briefs for the appellee Pearl A. Thompson.

*L. J. Bond,* of El Dorado, argued the cause, and was on the briefs for the appellee Lawrence Matthews.

The opinion of the court was delivered by

THIELE, J.: Plaintiff instituted an action against the defendants Matthews and Allen to foreclose a mechanic's lien growing out of the drilling of an oil well. Stewart intervened to plead a claim for rental of casing furnished. A trial resulted in a judgment for plaintiff against Matthews and Allen for $2,130, and for a credit to Allen of $300 on the judgment, for an adjustment between them dependent on amounts paid on the judgment by either of them, for judgment in favor of Stewart against Matthews for $156.75, and for judgment in favor of Matthews against Allen for $1,181.36, as well as a further judgment concerning credits due Matthews for pulling and hauling casing and paying rentals due Stewart. Although the abstracts do not contain them, and no error is specified on account thereof, we note that attached to the notice of appeal certified to this court is a copy of a journal entry showing the denial of Allen's motion for a new trial, the denial of Stewart's motion for a new trial, and a modification of the amount of Stewart's judgment against Matthews. Allen appealed to this court from the original judgment and his specifications of error as presented in his brief will be considered later.

Under date of May 22, 1945, Allen and Matthews entered into an agreement of general effect that Allen owned a certain leasehold and had incurred certain expenses in procuring the lease and certain equipment, the amount not being stated, and that a contract had been made with one R. L. Thompson to drill one well and clean out another, and the costs of procuring leases and the value of drilling equipment should be considered part of Allen's contribution, and that Matthews should make payments for drilling, equipping, maintaining and operating the lease, which should be considered a part of his contribution. When these amounts were equalized, the parties were to share equally. Provision was also made for reimbursement to either party making excess advancements, and if the leases be abandoned, for disposal of the salvage. Allen was to supervise and manage operations.

Under date of February 14, 1945, Matthews and Allen had entered into a contract with J. L. Thompson for cleaning an oil well, and then to drill another well under which Thompson was to drill to the "pay-top" of the sand, usually found in that vicinity at a depth of less than 1,000 feet or to the depth when Thompson set the "pay-

string," the consideration to be $2 per foot for the drilling and $5 per hour after the "pay-string" was set for extra work required by Stewart and Allen.

The drilling was done and Thompson, not being fully paid, filed his mechanic's lien statement showing that he drilled a well of 964 feet and that the amount therefor was $1,928 on which there was a credit of $750, leaving a balance of $1,178, and that he had performed other work at $5 per hour totaling $1,565, the total amount claimed being $2,743.

The record as abstracted contains only a summary of the petition, and we cannot be certain whether Thompson instituted the suit and then died and the action was revived, or whether the action was originally commenced by his administratrix. There is no contention, however, that the petition was defective in any manner, or did not contain sufficient allegations for foreclosure of his lien.

Allen filed an answer admitting the contract with Thompson, alleged that Thompson owed him $400 for work as a laborer and alleged there was nothing due Thompson under the contract. Although not specifically alleged, there is an inference the well was not completed. Allen also filed a separate supplemental answer and counterclaim alleging that he had filed a mechanic's lien statement for labor performed for Thompson in the sum of $400, which sum Thompson failed and refused to pay him.

Matthews filed an answer and cross petition admitting that he entered into a contract with Allen and had performed thereunder, and that any unpaid balance due Thompson was a just claim against Allen and that he was entitled to judgment over and against Allen for any additional sums he might be required to pay Thompson, and he alleged the balance due Thompson was $2,130. He further alleged there should be an accounting of all matters in controversy between the parties.

Allen answered Matthews' cross petition, admitting the contract between Matthews and himself, that it was in full force; that the partnership had not been dissolved, nor an application made for dissolution; that there were outstanding obligations and that before any judgment should be rendered in behalf of one partner to the other, the partnership should be dissolved and rights adjudicated, and in effect, that he was not bound by Matthews' confession there was $2,130 due to Thompson.

The trial resulted in the judgment as noted above, and the appeal followed.

Under his specifications of error appellant states six questions, which he argues. We here note that he cites no decisions in support of any of his contentions.

Appellant first contends the trial court erred in denying him a trial by jury. As we understand his contention, it is that the Thompson contract used words peculiar to the oil industry and that there was dispute as to their meaning and that Thompson was not concerned as to the contract between him and Matthews, which contract was "pregnant of clauses of different interpretation." Just why this entitled him to a jury trial under G. S. 1935, 60-2903 is not made to appear. In our opinion appellant was not entitled to a jury trial. An action to foreclose a lien is of equitable cognizance and is for trial by the court. See *Union State Bank v. Chapman,* 124 Kan. 315, 259 Pac. 681. In a suit in equity the parties are not entitled to a jury as a matter of right. See *Tamsk v. Continental Oil Co.,* 158 Kan. 747, 750, 150 P. 2d 326, and cases cited.

Appellant contends that his demurrer to Thompson's evidence should have been sustained. This argument is predicated on his interpretation of what was meant by the "pay-string" and by reference to those parts of the testimony favorable to his contention. But he does state that the "pay-string" is the string of casing the bottom of which rests close to the producing formation. The interpretation of the contract was for the court, and there is nothing in the record that it placed any different interpretation on the term than is now contended. Without detailing the evidence, it warranted a finding that a showing of oil was encountered at 964 feet, that later the well was deepened to 998 feet and the "pay-string set," and that thereafter the hole was further deepened on orders of Allen and Matthews. Appellant's contention that the well was not completed is hard to understand. While counsel for Matthews and Stewart was making his opening statement, counsel for appellant stated he believed from the evidence and the contract the court would find from the evidence that Thompson had fully completed the well. The trial court did not err in its ruling on the demurrer.

Appellant also contends the judgment for Thompson was not supported by the evidence. This complaint goes to the amount of the judgment. As has been observed, the contract was at the rate of $2 per foot until the pay-string was set, and $5 per hour thereafter. Appellant insists the rate should be at $2 per foot the entire depth and that there was no work on the hourly basis. Appellant's con-

tention as to the contract is at variance with its terms when measured by what the evidence shows occurred. Under the evidence the amount of the recovery would have been greater, not less, than the judgment. Without going into any details, the amount was fixed at $2,130 because Thompson's attorney, knowing there would be some evidence, which was later offered, of a settlement, offered to take $1,830, which is the net amount of the judgment of $2,130, less the credit to Allen of $300. Appellant's contention cannot be sustained.

Appellant contends that the trial court erred in entering judgment in favor of the intervenor Stewart and against Matthews for casing rent and expense of removal, of which judgment he will ultimately have to pay a part. The contention is based on a claim that Stewart offered no evidence. It is true the abstracts disclose no testimony of Stewart. Appellant filed no answer to Stewart's intervention and did not challenge the amount claimed. Further, in his opening statement he recognized that Stewart had furnished the casing. Under the Thompson contract Matthews and Allen were to furnish casing. No error in the judgment in favor of Stewart has been made to appear.

Appellant also makes some objection that the trial court, inasmuch as plaintiff recovered judgment collectible either from him or Matthews, should not have then rendered a further judgment that if either of said judgment debtors paid more than his equal share of the judgment he should have judgment over and against his codebtor, inasmuch as G. S. 1935, 60-3437 provided a simple remedy. It may be doubted the above statute has any application to the facts of this case but we need not discuss that. It was entirely proper for the court to make that part of the judgment presently complained of in the manner it did.

Under a heading "Should judgment have been entered disposing of the personal property of the estate?" is a running comment that there was no evidence to show financial distress of the Matthews and Allen partnership, that no receiver was appointed, and that it is inconceivable why Matthews should approve the judgment rendered unless it was a part of a scheme to get rid of his partner Allen and save the oil well for himself. There is no evidence to warrant the last part of the above, and it has no bearing on the question proposed for argument. An answer to the question is that under the judgment there was no order disposing of the personal property of the estate further than to direct return of Stewart's casing to him

and a finding that the property on the lease belonged to Matthews and Allen as joint owners in equal shares, subject to the lien of Thompson and the judgment of Stewart. The contract between Matthews and Allen and the evidence justified the judgment. ·

It has not been made to appear that the trial court erred in the matters complained of, and its judgment is affirmed.

Hoch, J., not participating.